HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANNY RAY FORDHAM,

 Petitioner,

 v.

UNITED STATES OF AMERICA,

 Respondent.

Case No. 2:18-cv-01535-RAJ

ORDER RENEWING BRIEFING SCHEDULE, § 2255 MOTION

 THIS MATTER comes before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. Dkt. # 1. Long ago, this Court ordered the parties to submit their briefs in accordance with the Rules Governing § 2255 Proceedings for the United States District Courts. Dkt. # 7. In that order, the Court set forth a briefing schedule, with dates that have since come and gone. *Id.* To date, the parties have not filed their briefs as instructed. Now, the Court ORDERS the parties to submit their briefs according to the new briefing schedule below.

 For summary's sake, on September 25, 2018, Petitioner Danny Ray Fordham, a pro se litigant at the time, filed a one-page, handwritten § 2255 petition. Dkt. # 1. Understandably, that petition lacked legal support. To bolster it, the Court ordered Mr. Fordham's appointed counsel to submit a supplemental pleading. Dkt. # 7. More than two months later, long after his second extension of time expired, Mr. Fordham's counsel filed (ex parte and under seal) a document entitled "Counsel's Report to the Court." Dkt. # 12. Because the report was filed ex parte and under seal, the Respondent United

ORDER – 1

States Government could not access it. About one week later, the United States' answer was due, but the United States failed to file one.

The parties are nearly a year and half late in filing their briefs. To bring this matter back on course, the Court renews the briefing schedule and warns the parties that it will not tolerate further delay. Accordingly, the Court ORDERS as follows:

(1) Within thirty days from the filing of this Order, Mr. Fordham and his counsel must submit a supplemental petition explaining why Mr. Fordham's § 2255 petition should be granted. Like any other brief, the supplemental petition must marshal law and fact to persuade the Court that petitioner is entitled to relief. Of course, if after consulting with his counsel Mr. Fordham chooses to withdraw his habeas petition and dismiss the case, then he is free to do so as well.

(2) Within sixty days after the filing of this Order, the United States shall file and serve an Answer in accordance with Rule 5 of the Rules Governing § 2255 Proceedings for the United States District Courts. As part of its Answer, the United States shall state its position as to whether an evidentiary hearing is necessary, whether any discovery is necessary, whether there is any issue as to abuse or delay under Rule 9, and whether Petitioner's motion is barred by the statute of limitations.

(3) On the face of its Answer, the United States shall note this matter for the fourth Friday following the filing of its Answer, and the Clerk shall note the matter on the Court's docket accordingly.

(4) Petitioner may file a Reply to the Answer no later than the noting date.

DATED this 27th day of May, 2020.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 2